

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. M. Reiger
County Attorney
Stephens County
Breckenridge, Texas

*WM-541*

Dear Sir:

Opinion No. 0-7503

Re: Should votes cast in the
general election, in the
manner stated herein, for
County Surveyor be counted?

I quote from your letter of November 16, 1946, as follows:

"Stephens County has a County Surveyor. The
term of office of the present County Surveyor expires
Dec. 31, 1946.

"In the General Election held in Stephens County
Nov. 5, 1946, there was no candidate for County Sur-
veyor on the official ballot. The name of the office
'County Surveyor' did not appear on the official
ballot, but the names of other offices did appear on
the official ballot.

"Voters voted in the General Election held in
Stephens County on Nov. 5, 1946, for County Surveyor
by writing in the name of the office, 'County Surveyor',
and under that, the name of the person voted for."

In reply to my request for additional facts, you set forth
the following:

"In the Democratic Primary, there was no candidate
for the office. In his certificate to the County Clerk,
the Democratic County Chairman made no mention of this
office, naturally. The County Clerk delivered his
certificates - those for the State offices, various
district offices, and County & precinct offices, assuming
that they took care of every office provided for, to the printer.

Hon. J. M. Reiger - Page 2

(the very same thing happened in connection with another County office.)

"The write-in campaign included votes only for the incumbent in the office for County Surveyor.

"If the write-in votes were valid, the incumbent County Surveyor would have been elected. (And that is the question involved: Has the voter the legal right to write in the name of the office, when unintentionally omitted, as well as the name of the person to be voted for?)"

We find that the general proposition of law is that the voter may write the name of the office on his ballot in connection with the name of the person whom he desires to have fill such office. 29 C.J.S., p. 249.

And a voter may write the name of the person for whom he wishes to vote for an office, which should have been, but is not, on the official ballot, as voters cannot be deprived of their constitutional right by the negligence of the Clerk. See cases cited in Centennial Digest, p. 259.

This proposition of law is set forth specifically in the case of In re Dietz, decided by the Supreme Court of New York, 150 N.Y.S. 43. The decision states in part:

"If in fact a vacancy in the office of alderman in the two aldermanic districts in question did exist, which should have properly been filled at the election of 1914, the failure, neglect or omission of the election officials to provide a place on the official ballot for voting for such office, did not deprive the voters of their right to have the names of the candidates for whom they voted, and whose names they vote upon the official ballot, canvassed and counted in favor of such persons."

In another case, that of Carlough vs. Ackerman, 64 Atlantic 964, the New Jersey court construed a statute which provided for "erasing from his ballot any name or names thereon printed, or for writing or pasting thereon the name or names of any person or persons for whom he desires to vote for any office or offices."

Although our Texas statutes do not provide for pasting the name or names of persons or candidates on the ballot, it is believed the

Hon. J. M. Reiger - Page 3

court's construction could be applied to our statutes with regard to writing the names of persons or candidates for whom the voter desires to cast his vote. In the above case the Court used the following language:

"If the name of the office to be filled be already on the ballot, the voter's right is to indicate his desire by placing the name of the person under the name of such office, but if the name of the office has been omitted from the ballot, the voter is not prevented; by force of the statutory language under consideration, from voting to fill such office, but, by terms of the Act, may write on the ballot the name of the person he desires to vote for to fill said office, where by necessary implication in such case, includes the addition in writing of the name of the office to be filled."

In a Texas case on this question, State ex rel Vogler vs. Mahncke, 41 S.W. 185, the Court said:

"If the law required the designation of the office on the ballot, the failure to do so would not render the ballot illegal, but that the ballot, like any other written instrument, should be examined and construed in the light of the attendant circumstances, so as to ascertain the intention of the voter in connection therewith."

Therefore, in view of the authorities, it is our opinion, that in the absence of fraud, said votes cast in the general election would be legal and could be counted.

We will further note in this connection, Article XVI, Sec. 17 of the Constitution of Texas, which provides:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

We trust that the foregoing has fully answered your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By William B. Henley, Jr.
   Assistant

APPROVED DEC 7 1946

ATTORNEY GENERAL OF TEXAS

:djm